UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT PAPPAN,<br><br>               Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>               Defendant. | Case No. 2:16-cv-01187RSL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 17, 2017 |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court affirm defendant's decision to deny benefits.

FACTUAL AND PROCEDURAL HISTORY

On May 10, 2013, plaintiff filed an application for disability insurance benefits and on May 13, 2013, he filed another one for SSI benefits, alleging in both applications that he became disabled beginning May 10, 2009. Dkt. 9, Administrative Record (AR) 11. Both applications were denied on initial administrative review and on reconsideration. *Id.*

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

REPORT AND RECOMMENDATION - 1

A hearing was held before an Administrative Law Judge (ALJ), at which plaintiff appeared and testified, as did a vocational expert. AR 53-77. In a written decision dated February 27, 2015, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 11-21. On June 1, 2016, the Appeals Council denied plaintiff's request for review of that decision, making it the Commissioner's final decision, which plaintiff then appealed in a complaint filed with this Court on August 1, 2016. AR 1; Dkt. 1-3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision for further administrative proceedings, arguing the ALJ erred (1) in rejecting the medical opinion evidence in the record from Anselm Parlatore, M.D., Carl Epp, Ph.D., and Sorin Rhone, M.D., and (2) in finding plaintiff to be less than fully credible concerning his subjective complaints. For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and thus finds the decision to deny benefits should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

REPORT AND RECOMMENDATION - 2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.      The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

REPORT AND RECOMMENDATION - 3

stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

REPORT AND RECOMMENDATION - 4

With respect to the medical opinion evidence from Dr. Parlatore, Dr. Epp, and Dr. Rhone, the ALJ found:

> I have assigned little weight to the following opinions:
>
> 1. Dr. Parlatore who opined that the claimant's ability to concentrate, remember, persist, adapt, and interact socially was markedly impaired. He further opined that the claimant could not perform activities within a schedule, maintain attendance, or complete a normal workday.
> 2. Dr. Rhone who opined that the claimant could perform light exertional work with some postural limitations.
> 3. Dr. Epp who opined that the claimant could not be employed. He also assessed a [Global Assessment of Functioning (GAF)] score of 35.[2]
>
> Their opinions are inconsistent with the claimant's longitudinal treatment history, his performance on physical examinations, his documented mental state during treatment appointments, and his independent daily activities set forth above. Specifically, Drs. Parlatore and Epp's opinions are not consistent with the claimant's consistent reports of improvement with medications and euthymic mood. They also relied heavily on the claimant's self-report of symptoms, which is not entirely credible. While Dr. Epp did include review of his prior evaluations of the claimant in his record review, those evaluations also relied on the claimant's self-report. . . .
>
> Finally, Dr. Rhone's opinion is inconsistent with the claimant's benign physical findings such as his ability to ambulate normally, to stand from a seated position normally, to move normally, and having no difficult with coordination.

AR 19 (internal citations omitted). Plaintiff argues the ALJ failed to provide valid reasons for not accepting the above medical sources' opinions. The Court disagrees.

Plaintiff first takes issue with the ALJ's reference to his treatment history, arguing such reference is unduly vague. That reference, however, immediately follows a detailed summary of

---

[2] A GAF score is "a subjective determination based on a scale of 100 to 1 of 'the [mental health] clinician's judgment of the individual's overall level of functioning.'" *Pisciotta v. Astrue*, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007) (quoting American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) at 32); *see also Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998) ("A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment."). "A GAF score of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 276 (6th Cir. 2009) (quoting *Edwards v. Barnhart*, 383 F.Supp.2d 920, 924 n. 1 (E.D.Mich. 2005)).

REPORT AND RECOMMENDATION - 5

the treatment record (AR 17-19), and must be read in conjunction with the ALJ's next statement that specifically refers to the inconsistency the ALJ saw between Dr. Parlatore's and Dr. Epp's opinions and plaintiff's reports of improvement with medication (AR 19). Further, contrary to plaintiff's assertion the treatment record overall does show significant improvement over time, albeit with some noted symptom fluctuation. AR 379, 386, 389, 391-92, 396-97, 400, 413, 419, 424, 429, 432, 436, 442, 463-64, 480, 486, 507, 514, 533, 536, 545, 547, 555, 557, 569, 579-82. While Dr. Parlatore and Dr. Epp may have had similar findings (AR 374-75, 607-08), again the record overall shows improvement over time, and thus supports the ALJ's determination here despite that similarity. *Batson*, 359 F.3d at 1195 (an ALJ need not accept the a medical source's opinion if it is inadequately supported "by the record as a whole").

      The Court also finds no error on the ALJ's part in discounting Dr. Parlatore's and Dr. Epp's opinions based on the evidence in the record regarding plaintiff's daily activities. While not all of that evidence supports the ALJ's determination (*see* AR 44-45, 66, 70-71, 308-12, 328, 341, 374), the fact that plaintiff was put in charge of a men's home he was staying in and stated he enjoyed that responsibility, does indicate a level of mental functioning less severe than that found by either medical source. AR 15, 397; *Morgan*, 169 F.3d at 601-02 (upholding the ALJ's rejection of a physician's opinion that the claimant suffered from marked limitations in part on the basis that the claimant's reported daily activities contradicted that conclusion). Plaintiff complains that the ALJ's mention of such activity was too vague to review, but the Court may logically draw inferences from the ALJ's decision, and finds it was sufficiently specific to allow for a proper evaluation thereof. *See* AR 15, 19; *Magallanes*, 881 F.2d at 755.

      The Court does find that neither Dr. Parlatore's nor Dr. Epp's evaluation reports indicate that either medical sources relied more heavily on plaintiff's subjective reporting than on their

REPORT AND RECOMMENDATION - 6

own observations or objective findings, and therefore that this was not a valid basis for rejecting the opinions contained in those reports. AR 371-75; 604-08; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion,"). As discussed above, however, the ALJ provided other valid reasons for discounting both medical sources' opinions..

As for the opinion evidence from Dr. Rhone, as the ALJ points out the objective clinical evidence in the record concerning plaintiff's physical capabilities are fairly benign, including Dr. Rhone's own findings. AR 380, 444, 446, 480, 507, 514, 520-22, 527, 533, 536, 569, 577; *Batson*, 359 F.3d at 1195 (an ALJ need not accept a physician's opinion if it is inadequately supported by clinical findings or "by the record as a whole"). Plaintiff argues the findings the ALJ specifically noted do not directly relate to or undermine Dr. Rhone's opinion, given that Dr. Rhone attributed the limitations he assessed to plaintiff's obesity. But a diagnosed impairment is not the same thing as actual functional limitations stemming from an impairment, which must be established by objective clinical findings. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability"); 20 C.F.R. § 404.1508, § 416.908 (a claimant must have a "physical or mental impairment" that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques"). Here, no such findings supported the limitations Dr. Rhone assessed.

II.     The ALJ's Credibility Determination

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this

REPORT AND RECOMMENDATION - 7

credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

The ALJ discounted plaintiff's credibility in part because his allegations of disabling limitations were inconsistent with the medical evidence in the record concerning his physical and mental impairments. AR 17-18. This was a valid basis for doing so. *See Regennitter v. Comm'r*

REPORT AND RECOMMENDATION - 8

*of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998) (the determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement). Although plaintiff is correct that a claimant's pain and symptom testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence," here the ALJ did not confine himself to this reason, but provided other valid reasons for finding plaintiff to be less than fully credible. *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.1991)) (emphasis added); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).

For example, the ALJ noted that plaintiff reported that "medications did a good job of controlling his symptoms." AR 17. As discussed above, the record supports the ALJ in finding plaintiff's mental health condition improved over time on medication, despite some fluctuations in reported symptoms. *Morgan*, 169 F.3d at 599; *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). Nor did the ALJ err in discounting plaintiff's credibility for the following reason:

> The record contains factual inconsistencies that further reduce the claimant's credibility specifically in regards to his independent daily activities as described above . . . For example, the claimant has consistently alleged difficulty in being around others. Yet, he lives with roommates and was put in charge of the home. In May 2013, he reported being able to walk for a mile despite his knee pain. Also, he bikes despite his knee and shoulder pain.

AR 19 (internal citations omitted). *Smolen*, 80 F.3d at 1284 (an ALJ may consider inconsistent statements concerning symptoms); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (a claimant's activities may bear on his or her credibility if the level of activity is inconsistent with his or her claimed limitations). Plaintiff argues this was not a valid basis for discounting his credibility, pointing to his own testimony and self-reporting indicating that he spent most of the time in his room and had problems with his housemates. Dkt. 11, p. 9 (citing AR 71-72, 419,

REPORT AND RECOMMENDATION - 9

432). Plaintiff also asserts the record fails to indicate what his duties were while in charge of the home where he lived. But the ALJ was not remiss in finding that level of responsibility – i.e., for a house of ten people – was indicative of functional capabilities beyond those plaintiff claims, particularly since plaintiff reported he liked having that responsibility. AR 389.

On the other hand, the Court agrees that plaintiff's report of being uninterested in physical therapy was not a valid basis for discounting his credibility. While an ALJ may discount a claimant's credibility on the basis of his or her failure to pursue treatment, as plaintiff points out it appears physical therapy had not been effective for him in the past, which could be a valid reason not again pursuing it (Dkt. 11, p. 8 (citing AR 413, 420, 430, 438, 546)), but which the ALJ seems to have not considered. Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *7 (an ALJ must not draw any inferences about a claimant's symptoms and their functional effects from the failure to follow treatment, without first considering any explanations the claimant may provide or other information in record which may explain that failure).

The ALJ also erred in discounting plaintiff's credibility because he was discharged from mental health services due to non-compliance, which the ALJ found "evinces a disinterest" on plaintiff's part "to improve his symptoms" and "suggests that they may not be as disabling as alleged." AR 18. The failure to follow recommended or prescribed treatment "can cast doubt on the sincerity of the claimant's" subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Here too, as plaintiff points out, there is some evidence that plaintiff was discharged from mental health services not for reasons that impugn his credibility, but due to issues in securing transportation (AR 545 (reporting that "transportation is very problematic"), a possibility that the ALJ again did not consider.

Nevertheless, the fact that not all of the reasons the ALJ offered for finding plaintiff to be

REPORT AND RECOMMENDATION - 10

less than fully credibility were proper does not make the ALJ's overall credibility determination invalid, as the ALJ provided other valid bases for discounting plaintiff's credibility, which are supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148. *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (while the ALJ relied on an improper reason for discounting the claimant's credibility, he presented other valid, independent bases for doing so, each with "ample support in the record").

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ properly determined plaintiff to be not disabled, and therefore that it affirm defendant's decision to deny benefits.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **February 24, 2017**, as noted in the caption.

DATED this 9th day of February, 2017.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11